FILED

2008 Nov-04  PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**BIRMINGHAM PLUMBERS AND** )
**STEAMFITTERS LOCAL 91**
**HEALTH AND WELFARE** )
**FUND, and BIRMINGHAM**
**PLUMBERS AND STEAMFITTERS** )
**LOCAL 91 DEFINED**
**CONTRIBUTION PENSION** )
**FUND,**
                          )
     **PLAINTIFFS,**
                          )

**VS.**                               **2:07-cv-312-JHH**
                          )

**CLS PLUMBING, INC.**
                          )
     **DEFENDANT.**

## MEMORANDUM OF DECISION

The court has before it Plaintiffs' Response (doc. # 17) to Court Order of

October 1, 2008.  As of October 1, 2008, briefs (docs. # 10, 13, 14) on the motion

(doc. # 9) for partial summary judgment revealed to the court the following key

information: (1) Plaintiffs (the "Funds") were seeking enforcement of CLS Plumbing

("Plumbing"), Inc.'s purported contractual obligation to make contributions to a

multi-employer benefit plan under the terms of the Plan and under the terms of a

collectively bargained labor contract for all months of 2006 and 2007, and through

July 2008; (2) in May 2005, Plumbing went out of business after the company had

fallen behind on payroll taxes and the IRS levied all of Plumbing's assets, including

trucks, equipment, and tools; (3) Plumbing has not engaged in any type of business

since May 2005; (4) Curtis Smith, who had been a Master Plumber for Plumbing,

purchased the trucks, equipment, and tools of Plumbing from the IRS in May 2005;

(6) Smith used the trucks, equipment, and tools that he purchased from the IRS to

form CLS Mechanical, Inc. ("Mechanical").  (See Doc. # 16.)  With those key facts

in hand, the court entered an order (doc. # 16) on October 1, 2008 demanding

plaintiffs show cause why final judgment should not be entered against the Funds and

in favor of Plumbing, as there existed *no* evidence in the record that any work was

performed by Plumbing, or Plumbing's employees, after Plumbing went out of

business in 2005.[1]

Plaintiffs attempted to comply[2] with the court's October 1, 2008 order

---

[1] Plaintiffs' Memorandum of Law (doc. # 10) in Support of Their Motion for Partial Summary Judgment contains exactly a page and a half of argument.  The sum total of that argument is that Plumbing signed a contract with the Funds agreeing to make contributions thereto, and failed to carry through with that obligation.  (See Doc. # 10 at 4-5.)  "Therefore, CLS Plumbing is liable to the Plaintiff Funds for obligations owing during the term of its contract with the Plaintiff Funds."  (Doc. # 10 at 5.)

[2] The October 1, 2008 order (doc. # 16) clearly states: "The court intends to enter a final judgment against the Funds and in favor of Plumbing unless the Funds **SHOW SUFFICIENT CAUSE, prior to October 22, 2008**, why such final judgment should not be entered." (Emphases in original.)  Plaintiffs' Response (doc. # 17) to Court Order of October 1, 2008 was not filed until 3:17 p.m. on October 22, 2008, and thus is clearly untimely.

(doc. # 16) by filing a one paragraph Response (doc. # 17) on October 22, 2008.  The

opening lines of the Response state, verbatim:

> Plaintiffs have submitted all facts or arguments in support of their
> Motion for Summary Judgment and in Opposition to Summary
> Judgment in Favor of Defendant.  Plaintiffs do not offer any additional
> evidence that CLS Plumbing, Inc., conducted business after May 2005.

(Doc. # 17 at 1.)  But then, seemingly in the same breath, Plaintiffs go on to state that

"there is significant evidence from which a trier of fact could determine that CLS

Mechanical is either a successor in interest to CLS Plumbing or the alter ego of CLS

Plumbing." (Doc. # 17 at 1-2.)  "Indeed, the undisputed facts in this case demonstrate

that the employees of CLS Mechanical used the same equipment, had the same

supervisor, worked in the same segment of the construction industry, and had the

same individual in charge of setting and implementing labor policy as CLS

Plumbing." (Doc. # 17 at 2.)  This is an interesting argument that could have been

made in a timely motion for summary judgment.[3]  It was not.  (See generally Doc.

# 9.)  In fact, *no where* in the motion (doc. # 9) or memorandum (doc. # 10) in support

---

[3] The initial dispositive motion order (doc. # 7) entered by the court in this case on June 3, 2008, required the parties to file any dispositive motions on or before August 6, 2008.  (See Doc. # 7.)  On August 1, 2008, the Plaintiffs filed an Unopposed Motion (doc. # 8) for Extension of Dispositive Motion Deadline, seeking a dispositive motion deadline date of August 13, 2008. (See Doc. # 8.)  That motion (doc. # 8) was granted on August 4, 2008.

thereof do Plaintiffs even *mention* Mechanical.[4]  Plaintiffs merely purport to attach

liability to Plumbing for contributions in 2006, 2007, and 2008, well *after* Plumbing

went out of business in 2005.  Such argument is nonsensical and the Response (doc.

# 17) to the court's show cause order (doc. # 16) does nothing to shed light on that

particular issue confounding this court.  Quite simply, there is nothing to suggest that

Plumbing is liable to the Funds for contributions after it went out of business.  And

Mechanical is not a party to this action, therefore no ruling can be made by this court

(assuming such argument had been timely made) that Mechanical is the alter ego of

Plumbing.  (See Doc. # 17 at 2) (citing Local Union No. 59, IBEW v. Namco Elec.,

Inc., 653 F.2d 143 (5th Cir. 1981)).  Thus, there is nothing left for this court to do

other than enter a final judgment against the Funds and in favor of Plumbing.  A

separate order will be entered accomplishing that task.

> **DONE** this the ___4th___ day of November, 2008.

> _James W. Hancock_
> _____
> SENIOR UNITED STATES DISTRICT JUDGE

---

[4] On September 18, 2008, pursuant to an extension of time (see doc. # 12), Plumbing filed a brief (doc. # 13) and evidence (doc. # 15) in opposition to plaintiffs' motion for partial summary judgment.  Although permitted by the August 14, 2008 order (doc. # 11), as amended, plaintiffs filed no reply brief.